766 A.2d 1197 (2001)
337 N.J. Super. 313
DNI NEVADA, INC., Plaintiff-Respondent,
v.
MEDI-PETH MEDICAL LAB, INC., Defendant-Respondent,
v.
Skylands Community Bank, Intervenor-Appellant.[1]
Superior Court of New Jersey, Appellate Division.
Argued October 24, 2000.
Decided February 22, 2001.
Rachel L. Diehl, Newark, argued the cause for appellant (McCarter & English, attorneys; Joseph Lubertazzi Jr., of counsel; Ms. Diehl, on the brief).
David C. Berman, Morristown, argued the cause for respondent DNI Nevada, Inc. (Mr. Berman, on the brief).
No brief was filed on behalf of respondent Medi Peth Medical Lab, Inc.
Before Judges STERN, RODRIGUEZ and FALL.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
Generally, when a check is deposited into an account at a depository bank, it may take one or more days for the check to be processed through the banking system. *1198 When it reaches the payor bank, funds are remitted to the depository bank. In the meantime, a depository bank may provide an interim or provisional credit to its customer for the amount of the deposited check. If the payor bank refuses to honor the deposited check for any reason, the depository bank charges back or withdraws the provisional credit from its customer. The issue presented in this appeal is whether a depository bank can charge back a provisional credit, after a levy has been placed on the account. We hold that a provisional credit is not property that can be levied upon. Therefore, the depository bank can charge back against the provisional credit, despite the existence of a levy.
Intervenor, Skylands Community Bank (Skylands), appeals from an order that requires it to turn over to the Sheriff of Morris County (Sheriff) $14,236 by virtue of a levy on Medi-Peth Medical Lab, Inc. (MPM) accounts. The levy was issued by the Sheriff pursuant to a judgment obtained by DNI Nevada, Inc. (DNI) against MPM. We reverse.
The facts can be summarized as follows. DNI sued MPM and obtained a judgment by default. As part of the effort to satisfy the judgment, the Sheriff levied on MPM's accounts at Skylands. The day before the levy, MPM deposited three checks in its three Skylands accounts. These checks were issued by MPM and were drawn on accounts that MPM had at different institutions.[2] The next business day, MPM was given a provisional credit in its Skylands accounts to reflect these deposits. Around 10:30 A.M. that same day, the Sheriff levied upon MPM's accounts at Skylands.
After the levy and pursuant to its policy, Skylands notified MPM of the levy via fax. MPM immediately stopped payment on the checks it had deposited with Skylands. Two business days later, Skylands received the checks returned with "stop payment" notices from the payor banks. Skylands charged back the three MPM accounts. The charge back caused two of MPM's accounts at Skylands to be overdrawn, and the third to have a $591.55 balance.
A representative of Skylands notified the Sheriff's office about this situation. At the direction of the Sheriff's office, DNI's attorney called Skylands to discuss the issue. Thereafter, DNI filed a motion for turnover of the levied funds. Skylands objected. Following oral argument, the judge ordered Skylands to turn over $14,236 to DNI to discharge the levy.[3] The judge stayed the order pending appeal.
On appeal, Skylands contends that the judgment should be reversed because: (a) MPM's provisional credit for the checks was subject to Skylands' right to charge back; (b) the judge erred in finding that DNI's rights under the levy were greater than those of Skylands; and (c) the judge erred in ruling that Skylands must look to MPM for collection of the $14,236. We agree with these contentions and reverse.
The issue presented is purely a question of law. Therefore, we are not required to show deference to a trial court's legal conclusions. Manalapan Realty, L.P. v. Tp. Committee of the Tp. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995); see also Pearl Assurance Co. Ltd. v. Watts, 69 N.J.Super. 198, 205, 174 A.2d 90 (App.Div.1961) (holding that appellate *1199 courts should utilize a plenary standard when its decision rests solely upon legal consequences of undisputed facts).
N.J.S.A. 12A:4-201a[4] provides that a depository bank is only required to give a provisional credit for checks deposited that have not yet been paid. A provisional credit can be revoked at any time prior to the deposit becoming final. N.J.S.A. 12A:4-214a[5] provides that when a depository bank gives a provisional credit on an item that is later dishonored or suspended, "the [depository] bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account, or obtain refund from its customer." It does not matter whether or not funds are immediately withdrawn after a provisional credit is given by the depository bank; the depository bank will not be precluded from charging back the provisional credit. N.J.S.A. 12A:4-214d(1). If, as a result, the account is overdrawn, the depository bank can seek a refund from its customer. N.J.S.A. 12A:4-214a.
In conjunction with these state statutes, banks are required to abide by federal banking laws. The Expedited Funds Availability Act, 12 U.S.C.A. § 4001 to § 4010, sets forth requirements regarding the availability of certain check deposits. Except in certain circumstances, a depository bank must make most deposited checks available on the next business day. 12 U.S.C.A. § 4002. Specifically, the statute provides that:
[N]ot more than 1 business day shall intervene between the business day on which funds are deposited in an account at a depository institution by a check drawn on a local originating depository institution and the business day on which the funds involved are available for withdrawal.

[12 U.S.C.A. § 4002(b)(1).]
However, to address issues regarding uncollectible deposits, the Board of Governors of the Federal Reserve System promulgated Regulation CC found at 12 C.F.R. § 229. Pursuant to this regulation, the immediate availability of funds does not:
(c)(2) [a]ffect a depository bank's right
...
(ii) [t]o revoke any settlement made by the depository bank with respect to a check accepted by the bank for deposit, to charge back the customer's account for the amount of a check ..., or to claim a refund of such credit.

[12 C.F.R. § 229.19(c)(2)(ii).]
Therefore, as with the provisional credits discussed under state law, federal guidelines provide a depository bank with a mode of recourse when funds made available by deposited checks are subsequently dishonored or otherwise deemed uncollectible. The depository bank can charge back the account. If the account becomes overdrawn, the depositor bank can seek a refund from its customer.
That is precisely what Skylands has done here. It charged back MPM's three accounts. As a result, two of the accounts have become overdrawn and contain no funds that can be levied upon.
It is clear, and DNI does not dispute, that Skylands can seek a refund from MPM for the amount of these overdrafts. However, DNI argues that the levied funds cannot be charged back because the levy would have the same effect as a check presented for payment. DNI argues that Skylands' only recourse is to look to its customer for a refund. DNI asserts that if a check had been drawn on the MPM's Skylands accounts, Skylands would have been forced to pay it. This would have exhausted the provisional credit and Skylands would be forced to seek the overdraft funds from its customer. DNI asserts that the levy should be treated the same as a check drawn on MPM's accounts at Skylands. We disagree.
*1200 Federal and state regulations governing the availability of funds in the context of banking transactions do not convert a provisional credit, which is a fictitious fund, an asset that can be levied upon. In this context, the levy is not the same as payment of the funds to a third party. Skylands can charge back against those funds even if they are levied upon. A depository bank may do so because its right to charge back is superior to the rights of a levying judgment creditor of the depositor. This conclusion is supported by the official comments to the pertinent section of the statute. UCC comment 5 to N.J.S.A. 12A:4-201 indicates that:
If a collecting bank has made an advance on an item which is still outstanding, its right to obtain reimbursement for this advance should be superior to the rights of the owner to the proceeds or to the rights of a creditor of the owner.
Therefore, Skylands' right to charge back would take precedence over DNI's status as a levying creditor.
We find support for our conclusion in the caselaw. In All American Auto Salvage v. Camp's Auto Wreckers, 146 N.J. 15, 679 A.2d 627 (1996), the Supreme Court held that a depository bank has a right to setoff reasonable processing fees against its customer's account, even after a creditor levies on that same account. Id. at 27, 679 A.2d 627 (quoting Barkley Clark & Barbara Clark, The Law of Bank Deposits, Collections and Credit Cards ¶ 21.04, at 21-4 (Revised ed.1995 & Supp.1996)). Although the Supreme Court only addressed a depository bank's processing fees, the case demonstrates that certain setoffs can be allowed even though a creditor has "frozen" a judgment debtor's account via a levy.
Reversed and remanded to the Law Division for the entry of an order to vacate the turnover order.
NOTES
[1] Although the Skylands Community Bank (Skylands) did not formally apply for intervention pursuant to R. 4:33, it is clear that it is entitled to intervene as of right. Thus, we deem the Bank's opposition to the motion for the turnover of funds to be a motion to intervene as of right pursuant to R. 4:33-1.
[2] The particulars of these transactions are as follows: a $2,000 check drawn on a Lakeland Bank account was deposited into Skylands' Business Account XXXXXXXXX; a $5,000 check drawn on a Lakeland Bank account was deposited into Skylands' Business Account XXXXXXXXX; and a $3,000 check drawn on a Summit Bank account was deposited into Skylands' Business Account XXXXXXXXX.
[3] Both parties agree that this amount is in error. Although the amount of the judgment was $14,000 plus $236 taxed costs, the collective balances on MPM's accounts at Skylands, prior to the stop payments, totaled $9,378.68. Thus, at the most the levy affected only $9,378.68.
[4] Article 4-201 of the Uniform Commercial Code (UCC).
[5] UCC Article 4-214.